**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,           ) | |
|                                     ) | |
|        Respondent,                  ) | |
|                                     ) No. CV 15-554-TUC-CKJ | |
| vs.                                 )     CR 09-073-TUC-CKJ | |
|                                     ) | |
| Santos Alberto Garcia-Gonzalez,     ) **ORDER** | |
|                                     ) | |
|        Defendant/Movant.            ) | |
| _____ ) | |

Pending before the Court is the Motion Under 28 USCS § 2255 or in the Alternative 28 USCS § 2241 (CV 15-554, Doc. 1; CR 09-073, Doc. 41) filed by Movant Santos Alberto Garcia-Gonzalez ("Garcia-Gonzalez"). A response (CV 15-554, Doc. 6) has been filed.

I. *Procedural Background*

On January 21, 2009, Garcia-Gonzalez was indicted on one count of Re-Entry After Deportation (CR 09-073, Doc. 6). On February 18, 2009, Garcia-Gonzalez pleaded guilty to the Indictment pursuant to a plea agreement (CR 09-073, Docs. 13 and 15).

On May 5, 2009, Senior District Court Judge Frank R. Zapata sentenced Garcia-Gonzalez. District Judge Zapata adopted the advisory United States Sentence Guidelines ("USSG") as to the illegal re-entry matter in CR 09-073, finding they were appropriate based on the information contained in the pre-sentence report ("PSR") and the lack of objection by either counsel. During the sentencing proceeding, counsel and the Court discussed the prior convictions of Garcia-Gonzalez. Garcia-Gonzalez had received an

1  18 month sentence for driving a vehicle with 307 pounds of marijuana and a 21 month
2  sentence for Possession with Intent to Distribute Less than 50 Kilograms of Marijuana
3  (i.e., a "backpacker" case).  Garcia-Gonzalez was sentenced to a term of forty-six (46)
4  months in the custody of the Bureau of Prisons to be followed by a thirty-six (36) month
5  term of supervised release.  District Judge Zapata also sentenced Garcia-Gonzalez at that
6  time for a supervised release violation in CR 06-2172-TUC-FRZ-JR.

7  On May 22, 2003, a Petition to Revoke Supervised Release (CR 09-073, Doc. 22)
8  was filed.  The matter was reassigned to this Court.  Additionally, a new case was
9  initiated against Garcia-Gonzalez to further address the conduct alleged in the Petition
10 to Revoke Supervised Release.  *See* CR 13-928-TUC-CKJ-JR.

11 On June 25, 2013, Garcia-Gonzalez admitted the allegations contained in the
12 Petition to Revoke Supervised Release pursuant to an agreement with the government
13 (CR 09-073, Docs. 28 and 30).  On that same date, Garcia-Gonzalez pleaded guilty to Re-
14 Entry After Deportation pursuant to a plea agreement in the companion case (CR 13-928,
15 Docs. 15 and 16).  On September 3, 2013, Visiting District Court Judge Algenon L.
16 Marbley sentenced Garcia-Gonzalez to a term of twelve (12) months in the custody of the
17 Bureau of Prisons, with the sentence to run consecutive to the sentence in CR 13-928-
18 TUC-CKJ-JR.  In the companion case, Judge Marbley sentenced Garcia-Gonzalez to a
19 term of fifty-seven (57) months in the custody of the Bureau of Prisons, to be followed
20 by a thirty-six (36) month term of supervised release.

21 On January 30, 2015, Garcia-Gonzalez filed a Motion Under 18 U.S.C. §
22 3582(c)(2) in both this case and the companion case (CR 09-073, Doc. 38; CR 13-928,
23 Doc. 24)).  This Court denied the motions on March 26, 2015.

24 On November 30, 2015, Garcia-Gonzalez filed a Motion Under 28 USCS §2255
25 or in the Alternative 28 USCS § 2241 (CV 15-554, Doc. 1; CR 09-073, Doc. 41).  The
26 government filed a response on April 14, 2016 (CV 15-554, Doc. 6).

27
28

1  II. *Legality of 46 Month Term of Imprisonment*

2  Garcia-Gonzalez argues his forty-six (46) month term of imprisonment is unconstitutional pursuant to the "residual clause" of the Armed Career Criminal Act ("ACCA"). The government asserts, however, Garcia-Gonzalez was not sentenced pursuant to the Act; specifically, his sentence was not enhanced pursuant to the "residual clause" of the Act.

The Supreme Court held in *Johnson v. United States*, 576 U.S.___, 135 S.Ct. 2551 (2016), that increasing a defendant's sentence under the "residual clause" of the ACCA denies due process of law because the residual clause in the statutory definition of "violent felony" is unconstitutionally vague. 135 S.Ct. at 2557. In *Welch v. United States*, — U.S. —, 136 S.Ct. 1257 (2016), the Supreme Court held that its decision in *Johnson* regarding the vagueness of the residual clause in § 924(e)(2)(B)(ii) announced a substantive rule that applies retroactively on collateral review.

Another district court stated:

> The difficulty is that *Johnson* has no bearing on Defendant's case. *Johnson* struck down the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) defining a "violent felony" for the purpose of the increased sentence authorized by 18 U.S.C. § 924(e)(1). The residual clause allowed for an enhanced sentence for a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(ii). There are counterparts to the residual clause in the sentencing guidelines and in some federal statutes.[2]
>
> [2] Based on *Johnson*, the Third Circuit recently held that the residual clause at U.S.S.G. § 4B1.1.(a)(2) was unconstitutionally vague. *United States v. Calabretta*, — F.3d —, 2016 WL 3997215, at *4 (3d Cir. 2016).
>
> However, review of Defendant's case reveals that no such residual clause played any role in Defendant's conviction and sentence. Defendant was convicted of a drug-trafficking offense, and his sentence was imposed based on two prior felony drug offenses.

*United States v. Reaves*, No. 1:CR-07-104-03, 2016 WL 4479296, at *2 (M.D. Pa. Aug. 25, 2016); *see also In re Baptiste*, 828 F.3d 1337, 1341 (11th Cir. 2016); *Nevarez-Sanchez v. United States*, No. 15CR0191, 2016 WL 5464548, at *2 (S.D. Cal. Sept. 28, 2016).

The Court has reviewed the record in this case, including the transcripts of the

1  change of plea (CR 09-073, Doc. 44) and sentencing (CR 09-073, Doc. 45) and the pre-
2  sentence report. Like the defendant in *Reaves*, a residual clause did not play any role in
3  Garcia-Gonzalez's conviction and sentence. Rather, the prior felony conviction that
4  enhanced his sentence was a felony drug-trafficking offense, which was a specifically
5  enumerated basis for enhancement under the applicable guideline at that time. *See*
6  U.S.S.G. §2L1.2(b)(l)(A)(I). "Because [Garcia-Gonzalez] was not sentenced under the
7  ACCA or a like-worded provision of the USSG, and because the provision of the USSG
8  under which he was sentenced – § 2L1.2 – is not vague or otherwise unconstitutional, the
9  Court finds the motion fails on the merits." *Nevarez-Sanchez v. United States*, No.
10 15CR0191, 2016 WL 5464548, at *3 (S.D. Cal. Sept. 28, 2016).

12 III. *Certificate of Appealability ("COA")*

13 Rule 11(a), Rules Governing Section 2255 Proceedings, requires that in habeas
14 cases the "district court must issue or deny a certificate of appealability when it enters a
15 final order adverse to the applicant." Such certificates are required in cases concerning
16 detention arising "out of process issued by a State court", or in a proceeding under 28
17 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).
18 Here, the Motion is brought pursuant to 28 U.S.C. § 2255. This Court must determine,
19 therefore, if a COA shall issue.

20 The standard for issuing a COA is whether the applicant has "made a substantial
21 showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district
22 court has rejected the constitutional claims on the merits, the showing required to satisfy
23 § 2253(c) is straightforward: The movant must demonstrate that reasonable jurists would
24 find the district court's assessment of the constitutional claims debatable or wrong."
25 *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When
26 the district court denies a habeas petition on procedural grounds without reaching the
27 prisoner's underlying constitutional claim, a COA should issue when the prisoner shows,
28 at least, that jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Motion stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural rulings. A COA shall not issue.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1. The Motion Under 28 USCS § 2255 or in the Alternative 28 USCS § 2241 (CV 15-554, Doc. 1; CR 09-073, Doc. 41) is DENIED.

2. Cause No. CV 15-554 is DISMISSED.

3. The Clerk of the Court shall enter judgment and shall then close its file in Cause No. CV 15-554.

4. A Certificate of Appealability shall not issue in this case.

DATED this 4th day of January, 2017.

_____
Cindy K. Jorgenson
United States District Judge